UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RENEE COCKRUM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | SA-23-CV-1328-OLG (HJB) |
| § | |
| CAROLYN COLVIN, Acting Commissioner § | |
| of Social Security Administration[1], § | |
| § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Orlando L. Garcia, United States District Judge:**

This Report and Recommendation concerns Plaintiff Renee Cockrum's request for review of the administrative denial by the Social Security Administration ("SSA") of her application for Social Security Disability Insurance benefits ("DIB") under Title II of the Social Security Act. After considering Plaintiff's brief (Docket Entry 10), Defendant's Brief in Support of the Commissioner's Decision (Docket Entry 11), Plaintiff's Reply Brief (Docket Entry 12), the transcript ("Tr.") of the SSA proceeding (Docket Entry 8), the applicable caselaw, relevant statutory and regulatory provisions, and the entire record in this matter, the undersigned recommends that the Commissioner's decision be **AFFIRMED**.

---

[1] Carolyn Colvin became the Acting Commissioner of the Social Security Administration on November 30, 2024. Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Colvin is substituted for Martin O'Malley as the Defendant in this case.

I.      **Jurisdiction.**

The Court has jurisdiction to review the Agency's decision pursuant to 42 U.S.C. §§ 405(g). The undersigned is authorized to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

II.     **Factual and Procedural Background.**

Plaintiff applied for DIB on July 28, 2020, alleging an onset of her disability on January 31, 2020, when she was 57 years old. (Tr. 199–205.) Plaintiff's claims were denied initially and again on reconsideration; she requested a hearing before an Administrative Law Judge ("ALJ"), which was held before ALJ Bernard McKay on March 1, 2022. (Tr. 71–100.)

The ALJ issued an unfavorable decision on April 20, 2022. (Tr. 52–60.) The ALJ determined that Plaintiff met the insured status requirements from the alleged onset date through December 31, 2024, and followed the five-step sequential evaluation process required under 20 C.F.R. §§ 404.1520(a). (*Id.*) At step one of the evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful employment since her alleged onset date in 2020. (Tr. 54.) At step two, the ALJ found that Plaintiff had one severe impairment: hypertension. (*Id.*) The ALJ also considered evidence of Plaintiff's vision loss, migraine headaches, and vertigo, finding these impairments either to be nonsevere or not medically determinable. (*Id.* at 55.) The ALJ also considered Plaintiff's medically determinable impairments of depression, anxiety, and panic disorder; he found that these impairments do not "cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (*Id.*) At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of those" impairments in 20 C.F.R. § 404, Subpart P, App. 1 ("the Listings"). (Tr. 56–57.)

Before reaching step four in the analysis, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work. (Tr. 57.) In reaching this RFC determination, the ALJ considered Plaintiff's severe and non-severe impairments listed above; he also considered Plaintiff's obesity. (*Id.* at 57–59.) The ALJ concluded that Plaintiff's impairments "could reasonably be expected to cause only some of the alleged symptoms" of which she complained, and that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 57.)

The ALJ's RFC determination included no special mental limitations. (Tr. 57.) The ALJ stated that he had considered the opinion of Dr. Susan Frensley, the clinical psychologist who performed a consultative examination on Plaintiff as part of a disability determination. (Tr. 59; *see id*. at 392–95.) Dr. Frensley diagnosed Plaintiff with panic disorder and major depressive disorder; the doctor found that Plaintiff could comprehend and carry out simple instructions, but would have some difficulty recalling new information after a short delay. (*Id.* at 395.) Dr. Frensley opined that Plaintiff would be able to sustain focus sufficiently to engage in work-related tasks at a reasonable pace, but "likely not consistently due to anxiety and intense fear of having a panic attack in a work environment." (*Id.*) Dr. Frensley also found that Plaintiff's social interactions would be "affected by her mental health state." (*Id.*) The ALJ found Dr. Frensley's opinions to be "unpersuasive" as it "was based solely on [Plaintiff's] subjective complaints," as Plaintiff had "reported she has received no prior mental health treatment" (Tr. 59 (citing Tr. 395).)

At step four, based on the RFC findings, the ALJ found that Plaintiff was able to perform her past relevant work as a data entry clerk. (Tr. 60.) As a result, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act. (*Id.*)

3

Plaintiff sought review by the Appeals Council, which denied the request. (Tr. 1–6.) This action followed. (Docket Entry 1.)

## III. Applicable Legal Standards.

### A. *Standard of Review.*

The Court may not substitute its judgment for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Rather, the Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standard was applied. 42 U.S.C. § 405(g); *see Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The Court weighs four elements of proof in determining whether substantial evidence supports the Commissioner's determination: (1) the objective medical facts; (2) the diagnoses and opinions of treating physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work experience. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "'[N]o substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164). Conflicts in the evidence and credibility assessments are for the Commissioner to resolve. *Martinez*, 64 F.3d at 174.

### B. *Entitlement to Disability Benefits.*

The term "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled only if her physical or mental impairment or impairments are so severe that she is unable to do her previous work, and cannot, considering her age, education, and work experience, participate in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work is available in the immediate area in which she lives, whether a specific job vacancy exists, or whether she would be hired if she applied for such work. *Id*. § 423(d)(2)(A).

        **C.**    ***Evaluation Process and Burden of Proof.***

SSA regulations require that disability claims be evaluated according to a five-step process. *See* 20 C.F.R. § 416.920 (2012). At the first step, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity. *Id*. § 416.920(a)(4)(i). If the claimant is found to be gainfully employed, then she will not be found disabled regardless of medical condition or age, education, and work experience. *Id*. § 416.920(b). At the second step, the Commissioner determines whether the claimant's impairment is severe. *Id*. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment, she is not disabled. *Id*. At the third step, the Commissioner compares the severe impairment with those in the Listings. *Id*. § 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, Appendix 1. If the severe impairment meets or equals an impairment in the Listings, the claimant is deemed disabled irrespective of her age, education, or work experience. 20 C.F.R. § 416.920(d); *see Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

If the impairment is not in the Listings, the Commissioner proceeds to the fourth step, determining the claimant's RFC and reviewing the demands of her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If she is still able to perform her past work, she is not disabled. *Id*. If the claimant cannot perform her past work, the Commissioner moves to the fifth and final step,

evaluating the claimant's ability—given her residual capacities, age, education, and work experience—to do other work. *Id*. § 416.920(a)(4)(v). If she cannot do other work, the claimant will be found disabled. *Id*.

The claimant bears the burden of proof at the first four steps of the evaluation process. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). Once the claimant has shown that she is unable to perform her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is physically able to perform, and to maintain for a significant period of time, taking into account her exertional and non-exertional limitation. *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002). If the Commissioner finds other work the claimant is capable of performing under the ALJ's RFC assessment, the burden returns to the claimant to prove that she is unable to perform that work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989). A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## IV. Analysis.

Plaintiff identifies a single issue for review: whether the Commissioner erred as a matter of law by failing to properly evaluate the persuasiveness of the opinion of Dr. Frensley. (Docket Entry 10, at 6.) Plaintiff's argument is premised on the requirements of the SSA regulations codified at 20 C.F.R. § 404.1520c. The regulations require that the ALJ articulate "how persuasive he or she finds medical opinions and prior administrative medical findings in the record." *Thompson v. Soc. Sec. Admin.* No. 23-30702, 2024 WL 1886757, at *2 (5th Cir. Apr. 30, 2024). When making these findings, the ALJ must consider several factors, "including, most importantly, supportability and consistency." *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)). "The supportability factor addresses the objective medical evidence and explanation the medical source provides in

support of an opinion." *Thompson*, 2024 WL 1886757, at *2 (citing 20 C.F.R. § 404.1520c(c)(1)); s*ee also Walker v. Kijakazi*, No. 23-60116, 2023 WL 7443302, at *3 (5th Cir. Nov. 9, 2023). Plaintiff focuses on the lack of a supportability analysis in the ALJ's discussion of Dr. Frensley's opinion. For the reasons set out below, any error in that supportability analysis was harmless.

The ALJ's step-four discussion of Dr. Frensley's opinion consists of a single, lengthy sentence:

> The undersigned has considered the opinion of Dr. Frensley, the mental status examiner who reported [that] the claimant could comprehend, and carry out simple instructions, but would have some difficulty recalling new information after a short delay, would be able to sustain focus sufficiently to engage in work-related tasks at a reasonable pace, although not consistently due to anxiety and intense fear of having a panic attack in a work environment and that social interaction is affected by her mental health state and [the undersigned] finds this to be unpersuasive as [the doctor's] opinion was based solely on the claimant's subjective complaints as the claimant reported she has received no prior mental health treatment.

(Tr. 59.) Plaintiff claims that the ALJ's characterization of Dr. Frensley's opinion being "based solely on the claimant's subjective complaints" is both "inaccurate and an insufficient evaluation of supportability under the regulations." (Docket Entry 10, at 14–15.)

In support of her argument, Plaintiff correctly points out that Dr. Frensley did not base her opinion "solely" on Plaintiff's statements, but also on "Dr. Frensley's own observations and the Plaintiff's performance on testing." (Docket Entry 10, at 16; *cf.* Tr. 394 (doctor's notes describing observations and testing).) Plaintiff contends that, "[h]ad the ALJ properly evaluated the supportability of Dr. Frensley's opinion and included a limitation to understanding and carrying out simple instructions, the outcome of the case would have differed," because that limitation "would have eliminated Plaintiff's ability to perform her past relevant work" as a data entry clerk. (Docket Entry 10, at 17.)

7

Plaintiff's argument assumes that, if the ALJ had properly considered all the bases supporting Dr. Frensley's opinion, he would in fact have found there to be one or more mental functional limitations in his RFC determination at step four of his analysis. The record does not support this assumption. To the contrary, as the ALJ's step four analysis makes clear, he found it important in making his determination that Plaintiff had never reported receiving any mental health treatment. (Tr. 59; *see also* Tr. 395 (finding Plaintiff's prognosis "guarded" because "she is not currently receiving mental health intervention of any kind").) It was the ALJ's apparent view that Plaintiff's purported mental limitations which have never been significant enough to receive any treatment should not affect the RFC determination. The Commissioner adopted the ALJ's view, and even if the Court disagrees, it should not substitute its judgment for that of the Commissioner. *Newton*, 209 F.3d at 452.[2]

Consideration of portions of the ALJ's decision other than the step four RFC finding confirms that he would not have included any mental limitation even if he had correctly evaluated the supportability of Dr. Frensley's medical opinion. At step two of his analysis, the ALJ provided a detailed analysis of each of four broad functional areas of mental functioning; in each area, he expressly considered Dr. Frensley's report. (Tr. 55–56.) After considering the evidence, the ALJ found that Plaintiff's "medically determinable mental impairment causes no more than 'mild' limitation in any of the functional areas, **and** the evidence does not otherwise indicate that there is

---

[2] The Commissioner points out that state agency medical consultant Dr. Margaret Meyer likewise found Dr. Frensley's opinion unpersuasive because Plaintiff's statements were "not supported by any treating source medical evidence." (Docket Entry 11, at 14 (citing Tr. 108.).) However, the ALJ did not rely on Dr. Meyer's assessment, finding it unpersuasive. (Tr. 59.) It is neither the Court's nor the Commissioner's role "to supply a *post-hoc* explanation" for the ALJ's determination that the ALJ did not himself make. *Ramirez v. Saul*, No. SA-20-CV-457-ESC, 2021 WL 2269473, ay *6 (W. D. Tex. June 3, 2021) (citing *Burlington Truck Lines, Inc. v. U.S.*, 371 U.S. 156, 168 (1962)).

a more than a minimal limitation in [her] ability to do basic work activities." (Tr. 56 (emphasis in original).)

Plaintiff points out that the ALJ promised a more detailed assessment of mental functioning at step four of the analysis, but did not provide it. (Docket Entry 10, at 12 (citing Tr. 59).) Plaintiff argues that the more detailed assessment was required by SSA regulations. (*Id.*) But even if the ALJ's failure to provide a more robust explanation at step four was error, it cannot be shown that the error was prejudicial in light of the statements the ALJ made throughout his decision. *See King v. Berryhill*, No. A-18-CV-581-AWA, 2019 WL 4060878, at *9 (W.D. Tex. Aug. 28, 2019) (considering harmlessness of ALJ's explanation "[b]ased on a review of the record as a whole").

The Fifth Circuit's recent decision in *Walker* provides useful guidance in this regard. There, as here, the ALJ found the consultative examiner's opinion unpersuasive, but did not expressly mention "supportability" and "consistency" in arriving at her decision. 2023 WL 7443302, at *4. The court of appeals acknowledged the failure, but declined to find prejudicial error because Walker had failed "to show that 'if the ALJ had given further explanation, then she would have adopted' Walker's line of thinking and altered her outcome." *Id.* (citing *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773 (5th Cir. 2023) (per curiam)). The same reasoning applies here: even if the ALJ erred in explaining his supportability analysis, Plaintiff failed to show that further explanation would have changed the outcome.

Plaintiff cites *Oran R. B. v. Kijakazi*, No. 3:20-CV-3409, 2022 WL 3974264 (N.D. Tex. Aug. 31, 2022), for the proposition that "[t]he ALJ commits reversible error when he mischaracterizes the evidence and then relies on that mischaracterization in determining the RFC." (Docket Entry 10, at 16.) Considering the somewhat similar factual scenario in which that case

9

arose, Plaintiff's reliance on *Oran R. B.* is arguable; however, Plaintiff stretches the holding in *Oran R. B.* further than it can bear.

In *Oran R. B.*, as in this case, there was only one examining medical professional to assess the claimant's mental capacity—a psychologist who performed a consultative mental status examination. 2022 WL 3974264, at *3. The psychologist diagnosed the claimant as having major depressive disorder with psychotic features and generalized anxiety disorder. *Id.* In light of the diagnoses, the psychologist opined that the claimant had significant limitations, and the ALJ expressly found that the opinion had "considerable persuasive value." *Id.* But when the ALJ determined the claimant's mental RFC, she apparently misread the psychologist's opinion, finding that the claimant *could* perform all but one of the functions that the psychologist said he *could not* perform. *Id.* After carefully reviewing the language of the psychologist's opinion, the reviewing court found that the ALJ's "description of the limitations in the opinion was inaccurate" and concluded that the ALJ committed prejudicial error when she "relied on that mischaracterization to determine Plaintiff's mental RFC." *Id.* at *4.

The instant case differs from *Oran R. B.* in an important respect. Here, the ALJ arguably erred in explaining why he found the psychologist's opinion to be unpersuasive; in *Oran R. B.*, by contrast, the ALJ expressly found the psychologist's opinion *was* persuasive, but misunderstood what the opinion was. This difference was critical to the result in *Oran R. B.*—as the court in that case explained, the ALJ's mistake meant that the court was "unable to say what the ALJ would have done had she properly construed [the psychologist's] mental RFC finding." 2022 WL 3974264, at *5.

Here, the ALJ did not misconstrue Dr. Frensley's opinion of Plaintiff's functionality—instead, he apparently misconstrued the basis for that opinion in deciding that it lacked proper

10

support. And the record as a whole shows that this error would not have affected his overall determination that there was insufficient evidence to support mental limitations in the RFC. Plaintiff bore the burden to provide such evidence; the ALJ's decision that Plaintiff failed to meet that burden is supported by substantial evidence, and should be affirmed.

V.   Conclusion.

For the foregoing reasons, I recommend that the Commissioner's decision finding that Plaintiff is not disabled be **AFFIRMED**.

VI.   Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to twenty (20) pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo*

support. And the record as a whole shows that this error would not have affected his overall determination that there was insufficient evidence to support mental limitations in the RFC. Plaintiff bore the burden to provide such evidence; the ALJ's decision that Plaintiff failed to meet that burden is supported by substantial evidence, and should be affirmed.

V.   Conclusion.

For the foregoing reasons, I recommend that the Commissioner's decision finding that Plaintiff is not disabled be **AFFIRMED**.

VI.   Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to twenty (20) pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo*

review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the District Court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on January 6, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge